IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ERIC ZIMMERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:08-cv-367 MJR |
| | ) | |
| EARTHWORKS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Currently pending before the Court is Plaintiff's counsel's Motion to Withdraw as Attorney (Doc. 14). Further, this matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for disposition of pretrial matters. For the reasons set forth below, the Motion to Withdraw as Attorney is **GRANTED.** Further, it is **RECOMMENDED** that this action be **DISMISSED** for failure to prosecute, and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

Plaintiff Eric Zimmerman, with the assistance of counsel, originally filed this action in Illinois state court alleging Defendant Earthworks had tortiously interfered with his business. On May 21, 2008, Defendant removed the action to this Court under 28 U.S.C. §§ 1441 and 1446. The District Court scheduled a trial date (Doc. 8), and the undersigned set the matter for a scheduling conference to be held on July 24, 2008 (Doc. 9). Prior to the date of that conference, the parties submitted a joint report indicating they had conferred on July 7, 2008, and agreed to the scheduling dates set out in the report. The Court issued its scheduling order on July 18, 2008 (Doc. 11).

On August 7, 2008, Plaintiff's attorney, Paul J. Evans, filed a Motion to Withdraw as

Attorney (Doc. 14), citing "irreconcilable differences of opinions . . . including, but not limited to, repeatedly not responding to contact efforts by attorney Evans." On August 12, 2008, the Court set the matter for a hearing on the Motion to Withdraw for September 4, 2008 (Doc. 15). The notice setting the hearing stated:

> Plaintiff's presence is required at this hearing. Plaintiff's counsel is responsible for notifying Plaintiff of hearing via certified mail. Plaintiff's counsel should file proof of this notification with the Court.

On September 4, 2008, the undersigned held a hearing on the Motion to Withdraw. Plaintiff's counsel appeared at the hearing; Plaintiff failed to appear (Doc. 17). Plaintiff's counsel reported that except for one e-mail in which Plaintiff informed him that he had retained new counsel for all matters pending with Mr. Evans, he had not had any contact with Plaintiff since June 2008, despite repeated attempts to contact him by mail, electronic mail, and telephone. Plaintiff's counsel stated that Plaintiff did not identify the new attorney and that no new attorney had entered an appearance in this or any other matters. Plaintiff's counsel further reported that he has been unable to comply with Defendant's pending discovery requests due to his inability to contact Plaintiff.[1] Plaintiff's counsel indicated that he had sent notice of the hearing via certified mail, but that the receipt had not been returned by the time of the hearing. Plaintiff's attorney reported he left messages regarding the hearing with Plaintiff's mother and on Plaintiff's answering machine on August 26, September 2, and September 3, 2008.

On September 8, 2008, the undersigned ordered Plaintiff to show cause in person on

---

[1]The Court notes that on September 12, 2008, the Plaintiff filed a motion for extension of time to answer requests for admissions stating that he has been unable to reach Plaintiff and therefore unable to answer the Requests to Admit (Doc. 21).

September 30, 2008, why the Motion to Withdraw should not be granted and why the Court should not issue a recommendation to the District Judge that the case be dismissed for failure to prosecute (Doc. 18). The undersigned directed the Clerk of Court to mail this order to Plaintiff via certified mail. The Court further ordered: "Plaintiff's counsel shall also attempt to notify Plaintiff of this show cause hearing and the consequences of failing to appear."

The United States Postal Service returned the Clerk of Court's certified mailing to Plaintiff on September 30, 2008 (Doc. 22). The envelope was stamped with the indicia "Return to Sender; Unclaimed; Unable to Forward." On the envelope are the handwritten dates: 9-10, 9-16, and 9-25. The Court construes these dates as dates that mailing was attempted, but not completed.

The Court held the show cause hearing on September 30, 2008 (Doc. 23). Counsel for Plaintiff and Counsel for Defendant were present; Plaintiff did not appear. Plaintiff's counsel indicated that he prepared a letter to Plaintiff on September 5, 2008, informing Plaintiff of the hearing, of the necessity that he appear, and of the consequences of failing to appear. Plaintiff's counsel sent the letter via four channels of communication: regular mail, e-mail, certified mail, and Federal Express. The regular mail and e-mail were neither returned nor responded to, the certified mail was refused, and the Federal Express package was delivered to Plaintiff's address. At the close of the hearing, the Court notified the parties of its intention to grant the Motion to Withdraw and to recommend to the District Judge that the matter be dismissed for failure to prosecute. Despite this statement of intent, six weeks have passed since the show cause hearing was held and Plaintiff has still not made any attempts to contact the Court.

## CONCLUSIONS OF LAW

A district court may dismiss *sua sponte* an action for failure to prosecute under Federal Rule of Civil Procedure 41(b) as part of its "inherent power" to control its docket "to achieve the orderly and expeditious disposition of cases." See James v. McDonald's Corp., 417 F.3d 672, 681 (7th Cir. 2005) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)); see also Daniels v. Brennan, 887 F.2d 783, 785 (7th Cir. 1989). Actions may be dismissed under 41(b) "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." Maynard v. Nygren, 332 F.3d 462, 467 (7th Cir. 2003) (quoting Williams v. Chicago Bd. Of Educ., 155 F.3d 853, 857 (7th Cir. 1998)).

"Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because '[t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.'" James, 417 F.3d at 681 (quoting GCIU Employer Ret. Fund v. Chicago Tribune Co., 8 F.3d 1195, 1198-99 (7th Cir. 1993) (other citations omitted)).

From the facts outlined above, the Court concludes that Plaintiff has abandoned this lawsuit. First, Plaintiff has repeatedly failed to contact his attorney to discuss the case or to respond to discovery requests by ignoring phone messages, e-mails, and refusing certified mailings. Second, Plaintiff has failed to follow direct orders of this Court that he appear. Plaintiff was ordered to appear in person at the September 8, 2008, hearing on the Motion to Withdraw. Despite phone messages and certified mail from his attorney regarding that hearing, Plaintiff did not appear. Plaintiff was again ordered to appear in person on September 30, 2008, to show cause why the Motion to Withdraw should not be granted and why the case should not be dismissed for failure to

prosecute. The Clerk of Court sent this order to Plaintiff via certified mail. The United States Postal Service attempted to deliver the letter three times; Plaintiff refused to accept the mailing. Plaintiff's attorney also sent a letter notifying Plaintiff of the necessity that he appear at the September 30 hearing via four different channels of communication. Still, Plaintiff did not appear. Furthermore, Plaintiff has now failed to comply with discovery deadlines--namely answering the Defendant's Requests for Admissions--which further supports the conclusion that Plaintiff does not intend to participate in this litigation. As noted above, once Plaintiff files a lawsuit, he must continue to pursue the mater and follow the rules of the Court. After the Court is involved, "a party can not decide for itself when it feels like pressing its action and when it feels like taking a break." James, 417 F.3d at 681.

The Court finds in the facts described above a clear record of delay and contumacious conduct by Plaintiff. Plaintiff has refused to communicate with his attorney; he has refused court orders to appear to explain his failure to do so; and he has failed to meet discovery deadlines in the case. The Court concludes, therefore, that Plaintiff has failed to timely prosecute this matter and has abandoned this lawsuit.

## CONCLUSION

Accordingly, for the reasons set forth above, Plaintiff's counsel's Motion to Withdraw (Doc. 14) is **GRANTED**. Further, it is **RECOMMENDED** that this action be **DISMISSED** for Plaintiff's failure to prosecute, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the

District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**IT IS SO ORDERED.**

**DATED:  November 24, 2008**

                                                  **s/ *Donald G. Wilkerson***
                                                  **DONALD G. WILKERSON**
                                                  **United States Magistrate Judge**