IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PERFECT PICTURE CONSTRUCTION CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:08-cv-367 MJR |
| | ) | |
| EARTHWORKS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER TO SHOW CAUSE

### BACKGROUND

Plaintiffs Eric Zimmerman and Perfect Picture Construction Company filed this action in Illinois state court alleging that Defendant Earthworks had tortiously interfered with their business. Eric Zimmerman is the president of Perfect Picture Construction. On May 21, 2008, Defendant removed the action to this Court under 28 U.S.C. §§ 1441 and 1446. On August 7, 2008, Counsel for Perfect Picture Construction Company filed a Motion to Withdraw as Attorney (Doc. 14). On August 12, 2008, the Court set a hearing on this motion for September 4, 2008, and required Plaintiff Eric Zimmerman to appear in person. The Court directed Plaintiffs' counsel to notify Zimmerman via certified mail that his presence was required at the hearing.

The hearing was held on September 4, 2008. Zimmerman failed to appear. At the hearing, Zimmerman's counsel provided evidence that he had attempted, unsuccessfully, to contact Zimmerman via certified mail to inform him of the hearing. Zimmerman's counsel also provided evidence that he notified Zimmerman of the hearing via telephone messages and electronic mail, but never received communication that Zimmerman would attend the hearing.

On September 8, 2008, the Court ordered Zimmerman to appear in person on September 30, 2008, to show cause why the Motion to Withdraw should not be granted and why the Court should

not issue a Report and Recommendation that the case be dismissed for failure to prosecute the action. Despite notification from the Clerk of Court and his own attorney, Zimmerman did not appear at the September 30 hearing.

Thus, on November 24, 2008, the Court granted the Motion to Withdraw and issued a Report and Recommendation to United States District Judge Michael J. Reagan recommending that the action be dismissed for failure to timely prosecute the matter (Doc. 24).

Judge Reagan adopted the Report and Recommendation as to Zimmerman and ordered him dismissed from the action. Judge Regan rejected the recommendation that the case be dismissed in its entirety because the Report did not "clarify the position and conduct of Perfect Picture" (Doc. 25).

Perfect Picture Construction has not appeared before the Court since the submission of the joint report of parties for creation of a schedule in the case in July 2008. The Court does not know the status of Perfect Picture Construction in this litigation.

### LEGAL STANDARDS

A district court may dismiss *sua sponte* an action for failure to prosecute under Federal Rule of Civil Procedure 41(b) as part of its "inherent power" to control its docket "to achieve the orderly and expeditious disposition of cases." See James v. McDonald's Corp., 417 F.3d 672, 681 (7th Cir. 2005) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)); see also Daniels v. Brennan, 887 F.2d 783, 785 (7th Cir. 1989). Actions may be dismissed under 41(b) "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." Maynard v. Nygren, 332 F.3d 462, 467 (7th Cir. 2003) (quoting Williams v. Chicago Bd. Of Educ., 155 F.3d 853, 857 (7th Cir. 1998)).

"Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because '[t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.'" James, 417 F.3d at 681 (quoting GCIU Employer Ret. Fund v. Chicago Tribune Co., 8 F.3d 1195, 1198-99 (7th Cir. 1993) (other citations omitted)). A judge "should not dismiss a case for failure to prosecute without due warning." Kruger v. Apfel, 214 F.3d 784, 787 (7th Cir. 2000).

Accordingly,

Plaintiff **PERFECT PICTURE CONSTRUCTION** is hereby **ORDERED TO SHOW CAUSE,** in writing by February 9, 2009, why the Court should not issue a report and recommendation that the case be dismissed for failure to prosecute.

The Clerk of Court is **DIRECTED** to mail this order via certified mail to Plaintiff **PERFECT PICTURE CONSTRUCTION** at 504 Clinton Street, New Athens, Illinois, 62264.

**IT IS SO ORDERED.**

**DATED: January 8, 2009**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**