IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PERFECT PICTURE CONSTRUCTION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:08-cv-367 MJR |
| ) | |
| EARTHWORKS, INC., ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATIONS**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for disposition of pretrial matters. For the reasons set forth below, it is **RECOMMENDED** that Plaintiff Perfect Picture Construction be **DISMISSED** for failure to prosecute, that the action be **DISMISSED** in its entirety, and that the Court adopt the following findings of fact and conclusions of law:

FINDINGS OF FACT

Plaintiffs Eric Zimmerman and Perfect Picture Construction ("Perfect Picture") originally filed this action in Illinois state court alleging Defendant Earthworks had tortiously interfered with their business. On May 21, 2008, Defendant removed the action to this Court under 28 U.S.C. §§ 1441 and 1446. The District Court scheduled a trial date (Doc. 8), and the undersigned set the matter for a scheduling conference to be held on July 24, 2008 (Doc. 9). Prior to the date of that conference, the parties submitted a joint report indicating they had conferred on July 7, 2008, and agreed to the scheduling dates set out in the report. The Court issued its scheduling order on July 18, 2008 (Doc. 11).

On August 7, 2008, Plaintiffs' attorney, Paul J. Evans, filed a Motion to Withdraw as

Attorney (Doc. 14). The Court held a hearing on the motion on September 4, 2008. Plaintiff Eric Zimmerman failed to appear, despite the Court's specific instructions that he do so and numerous attempts by Attorney Evans to contact him.

On September 8, 2008, the undersigned ordered Plaintiff Eric Zimmerman to show cause in person on September 30, 2008 why the Motion to Withdraw should not be granted and why the Court should not issue a recommendation to the District Judge that the case be dismissed for failure to prosecute (Doc. 18). Plaintiff failed to appear at the hearing. The undersigned issued a Report and Recommendations to United States District Judge Michael J. Reagan that the action be dismissed for failure to prosecute (Doc. 24). Judge Reagan adopted the Report and Recommendation as to Plaintiff Eric Zimmerman and dismissed him from the action. Because, however, the Report and Recommendation was unclear as to the recommended disposition of Plaintiff Perfect Picture, Judge Reagan did not dismiss Perfect Picture from the action, nor did he dismiss the action in its entirety (Doc. 25).

On January 8, 2009, the undersigned issued an Order to Show Cause in Writing by February 6, 2009, why the Court should not issue a Report and Recommendation that Perfect Picture be dismissed for failure to prosecute the action (Doc. 26). The Clerk of Court sent the Order to Show Cause via certified mail to the address for Perfect Picture listed in the docket. The order was returned as undeliverable on February 10, 2009, marked with the indicia, "Return to Sender; Unclaimed; Unable to Forward." On March 5, 2009, the undersigned issued an order canceling the settlement conference set for March 10, 2009, and indicating that a Report and Recommendation that the action be dismissed for failure to prosecute was to issue (Doc. 28). The Clerk mailed the document on March 9, 2009; it was returned as undeliverable on March 19, 2009 (Doc. 29).

**CONCLUSIONS OF LAW**

A district court may dismiss *sua sponte* an action for failure to prosecute under Federal Rule of Civil Procedure 41(b) as part of its "inherent power" to control its docket "to achieve the orderly and expeditious disposition of cases." *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Daniels v. Brennan*, 887 F.2d 783, 785 (7th Cir. 1989). Actions may be dismissed under 41(b) "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. Of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998)).

"Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because '[t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.'" *James*, 417 F.3d at 681 (quoting *GCIU Employer Ret. Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1198-99 (7th Cir. 1993) (other citations omitted)). A judge "should not dismiss a case for failure to prosecute without due warning." *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000).

From the facts outlined above, the Court concludes that Perfect Picture has abandoned this lawsuit. Perfect Picture has not appeared before the Court since the submission of the joint report of parties for creation of a schedule in the case in July 2008. Perfect Picture did not appear at either the hearing on the Motion to Withdraw held on September 4, 2008, or the Show Cause Hearing held on September 30, 2008. Perfect Picture did not object to the November 24, 2008, Report and Recommendation that the case be dismissed. Perfect Picture did not respond to the Order to Show

Cause in Writing entered January 8, 2009. Finally, Perfect Picture did not respond to the Court's warning on March 5, 2009, that a Report and Recommendation that the case be dismissed for failure to prosecute would issue. Nearly ninety days have passed since that warning and Perfect Picture has still not contacted the Court.

The Court finds in the facts described above a clear record of delay and contumacious conduct by Plaintiff Perfect Picture. Perfect Picture has refused court orders to appear and has refused court orders to show cause for the failure. Perfect Picture has made no effort to contact the Court to pursue its case in any way since the submission of the joint report of parties in July 2008, which, in any event, was handled by counsel. Perfect Picture has not provided the Court with a current address, and all mailings have been unclaimed or undeliverable. In short, Perfect Picture has taken no action that would indicate it intends to continue the litigation. The Court concludes, therefore, that Plaintiff Perfect Picture has failed to timely prosecute this matter and has abandoned this lawsuit.

## CONCLUSION

Accordingly, for the reasons set forth above, it is **RECOMMENDED** that Plaintiff Perfect Picture Construction be **DISMISSED** for failure to prosecute the action, that the action be **DISMISSED** in its entirety, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United*

*States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**IT IS SO ORDERED.**

**DATED: June 4, 2009**

                                                   *s/ Donald G. Wilkerson*
                                                   **DONALD G. WILKERSON**
                                                   **United States Magistrate Judge**